## No. 2555

### Second Circuit

---

## BAUMAN-GEORGE PIANO COMPANY v. MATTHEWS

---

(June 2, 1926. Opinion and Decree.)
(On Rehearing, Remanded for New Trial.)

---

*(Syllabus by the Editor)*

1. **Louisiana Digest—Transaction or Compromise—Par. 1, 15.**

Parol proof is admissible to show that a judgment had been compromised.

2. **Louisiana Digest—Payment—Par. 21.**

The defendant has the burden of proof to show his special defense that a judg-

ment had been paid by the shipment of a piano which was delivered to the plaintiff. The defendant must show the consent of the plaintiff or his agent to accept the piano thus shipped as payment of the judgment.

## ON REHEARING

3.   **Louisiana Digest—Appeal—Par. 715, 729.**

Where the testimony introduced at the trial of a case was hearsay and meager the court will, in the interest of justice, remand the case for further testimony.

Appeal from the Eighth Judicial District Court of Louisiana, Parish of Winn. Hon. F. E. Jones, Judge.

Action by Bauman-George Piano Co., Inc., in liquidation against John Henry Matthews.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

On a rehearing case remanded to the lower court for a new trial.

Edward Barnett, of Shreveport, attorney for plaintiff, appellee.

R. W. Oglesby, of Winnfield, attorney for defendant, appellant.

WEBB, J.    This is an action to revive a judgment, under Article 3547, Civil Code, in which it is alleged that the defendant was an absentee, and service was made upon a curator ad hoc appointed to represent the defendant.

The curator answered alleging that the judgment had been paid and satisfied, and upon this issue the cause was tried.

The curator ad hoc offered depositions of Mrs. Josie P. Matthews, the wife of defendant, in which she stated that it was her understandng that the piano had been returned by defendant to plaintiff, and that plaintiff had retained certain payments and had released the judgment, and of J. J. Payne, who was at one time sheriff of the parish of Winn, whose testimony is as follows:

"Int. 2. Q. If you say that you were sheriff of Winn parish, do you recall attempting to execute on a judgment of Bauman-George Piano Company vs. J. H. Matthews and if so what turn did the case take before the execution was completed?

"A. Yes, I recall the execution. Piano was seized, compromise entered into and Bauman-George Piano Company agreed to accept the piano as full payment of the debt, which proposition was also accepted by J. H. Matthews, and the piano was shipped to the plaintiff, Bauman-George Piano Company, at Shreveport, La.

"Int. 3. Q. If you say the execution was stopped by a settlement, state what the terms of settlement were?

"A. The execution was stopped and settlement made in accordance with my answer to Interrogatory No. 2."

The plaintiff objected to the offering of the depositions upon the ground that it was an attempt to prove a compromise by parol, and further that, if there was a settlement, there was a written agreement and that the written agreement is the best evidence, and on the further ground that the testimony is hearsay.

The court admitted the testimony subject to the objections.

The judgment of the District Court was in favor of the plaintiff, and the curator ad hoc appeals.

There are two questions presented in this case.

The first relates to the admissibility of the depositions.

The evidence of Mrs. Josephine Matthews is clearly hearsay and should not have been admitted.

As to the depositions of Payne.

The defense set up was that the judgment had been paid and satisfied, and the depositions of J. J. Payne go to show that there was a satisfaction of the judgment by defendant giving the piano under seizure in payment.

No objection was made upon the ground that the evidence extended the pleadings, but that it indicated a compromise, and that parol could not be received to prove a compromise.

There was no dispute between the parties. The judgment had been rendered and whatever may be the legal denomination of the agreement of the parties looking to the extinguishment of the judgment, we do not think it is necessarily such as can be made only in writing or by compromise.

Webster vs. Harman, 148 La. 1090, 88 South. 462.

It has been held that payment may be pleaded against the revival of a judgment.

(Manning's Unrep. Cases, 256.)

And it seems to be the rule that any subsequent agreement which would go to extinguish the judgment can be pleaded in bar of its revival.

(Corpus Juris, Vol. 34, Judgments, No. 1018, p. 663.)

We are of the opinion that the evidence should have been admitted and must be considered.

2nd. What weight shall be given to the testimony, and does it prove that the judgment was extinguished?

The evidence tends to establish that the defendant made a dation en paiement of the piano to plaintiff in settlement of the judgment.

A dation en paiement imports, on the part of the defendant, that he acknowledged the debt. (Webster vs. Harman, 148 La. 1094, 88 South. 462.) That plaintiff, Bauman-George Piano Company, Inc., consented to accept the piano in full payment of the judgment; that the piano was delivered to the plaintiff.

The defendant has the burden of proof and we are of the opinion that the evidence fails to show either an acknowledgment of the debt, consent of the plaintiff or delivery of the piano. Consent of the plaintiff could have been shown to have been given only through an agent, and shipment to plaintiff would not be a delivery unless shown to have been on plaintiff's orders, or delivery to a common carrier.

The record does not show that a writ of fi. fa. was ever issued on the original judgment, and there is nothing in the evidence to indicate that the sheriff made any return upon any writ and, at most, the evidence offered raises only a suspicion that something had been paid on the judgment.

The judgment is affirmed.

---

## ON REHEARING

ODOM, J. A reconsideration of this case leaves us in doubt as to the correct-

ness of the judgment appealed from and our decree affirming it.

The defense urged by the defendant was that the judgment sought to be revived had been paid and satisfied.

The testimony introduced was mainly hearsay and meager at best.

Mr. Payne, who was sheriff at the time the alleged settlement was made, testified that the piano was surrendered by defendant to plaintiff in full satisfaction of the debt and was shipped to plaintiff, etc., but he was not able to state whether it was actually received by plaintiff or not. It seems to us that proof on this point could be made clear.

We think that in order that the ends of justice may be subserved the case should be remanded to the lower court for further testimony.

For the reasons assigned it is ordered that our former decree be set aside, and it is now ordered that the case be remanded to the lower court for a new trial; all parties to have the right to introduce such testimony as they may see fit. Costs of the appeal and all other costs to await the final result.